**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GARY EASLEY,

        Plaintiff - Appellant,

v.

COUNTY OF SANTA CLARA, et al.

        Defendants - Appellees.

No. 13-16277

D.C. No. 5:10-cv-05635-EJD

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted July 14, 2017**
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and ROBRENO,*** District Judge.

Plaintiff/Appellant Gary Easley appeals from the entry of summary judgment

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

on all claims alleged in his Complaint. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

1. Summary judgment was properly entered on Easley's claims pursuant to 42 U.S.C. § 1983 against the Sheriff's Deputy, Gerard Wallace, alleging illegal detention and false arrest, illegal search and seizure, *Monell* liability, intentional infliction of emotional distress, and unlawful vehicle seizure and impound. Deputy Wallace had reasonable suspicion to briefly detain Easley for investigative purposes when he observed his vehicle parked on private property where Easley admitted that he did not know the owner, appeared to be under the influence, and where burglaries had recently been reported. *See United States v. Sokolow*, 490 U.S. 1, 7 (1989) (law enforcement may "stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause").

2. Based on the field test he conducted and his observations, Deputy Wallace had probable cause to arrest Easley for being under the influence of methamphetamine in violation of Section 11550 of the California Health and Safety Code. *See Sialoi v. San Diego*, 823 F.3d 1223, 1232 (9th Cir. 2016) ("Whether probable cause exists depends on the totality of facts available to the officers, who may not disregard facts tending to dissipate probable cause." (internal quotations and citation omitted)). Deputy Wallace observed Easley acting nervous and jumpy and speaking rapidly, his

2

pupils were dilated and unreactive to light and his eyelids tremored, his pulse was rapid, his skin was hot to the touch, and he admitted that he had been arrested and charged a few days earlier for possession of methamphetamine.

3. Deputy Wallace was empowered to impound Easley's vehicle, which was parked on someone else's private property, pursuant to Section 22651 of the California Vehicle Code (providing that a peace officer "may remove a vehicle located within the territorial limits in which the officer or employee may act . . . [w]hen an officer arrests a person driving or in control of a vehicle for an alleged offense and the officer is, by this code or other law, required or permitted to take, and does take, the person into custody.")  Cal. Veh. Code § 22651(h)(1).  Because the vehicle was parked on private property and Easley did not know the identity of the property owner or have permission to park there, the elimination of a probable trespass establishes that the impoundment satisfied the community caretaking function. *See United States v. Caseres*, 533 F.3d 1064, 1074-75 (9th Cir. 2008) (stating that "a vehicle can be impounded under § 22651(h)(1) only if impoundment serves some 'community caretaking function.'") (citation omitted)).

4. Deputy Wallace is entitled to qualified immunity on the claim that he violated Easley's Fourth Amendment rights[1] when he failed to obtain a warrant prior to

---

[1] We do not consider Easley's argument on appeal that Deputy Wallace's failure to obtain a warrant prior to conducting a non-consensual blood draw is a violation of his Fifth and Fourteen Amendment rights, because these allegations were not

conducting a non-consensual blood draw. Qualified immunity shields government officials from liability for monetary damages unless the plaintiff establishes that (1) the conduct violated a constitutional right, and (2) the right was "clearly established" when the misconduct occurred. *Pearson v. Callahan*, 555 U.S. 223, 236-42 (2009). "Clearly established" means "[t]he contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right" with careful consideration to the facts of the particular case. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).[2]

Because case law from the United States Supreme Court and this Court recognizes that exigent circumstances may permit non-consensual blood testing of a person arrested for a controlled substance violation without first obtaining a warrant, *see Schmerber v. California*, 384 U.S. 757 (1966); *United States v. Chapel*, 55 F.3d 1416, 1417 (9th Cir. 1995), Deputy Wallace is entitled to qualified immunity since there is no clearly established law that a warrant was required under the facts of the case. At the time of the arrest, Deputy Wallace could not have known the specific

---

adequately alleged in his Complaint.

[2] Because we conclude that the "clearly established" prong is lacking, we do not reach the issue of whether there was a constitutional violation. *See Pearson*, 555 U.S. at 236 ("The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.")

4

drug Easley took, when he took the drug, or how long the drug would have remained in his body (due to common knowledge that drugs dissipate in the body), and thus could not have known whether there was sufficient time to obtain a warrant. *See Birchfield v. North Dakota,* 136 S. Ct. 2160, 2184 (2016) ("[n]othing prevents the police from seeking a warrant for a blood test when there is sufficient time to do so in the particular circumstances or from relying on the exigent circumstances exception to the warrant requirement when there is not." (citing *Missouri v. McNeely*, 133 S.Ct. 1552, 1568 (2013)).[3]

5.  Summary judgment was proper on Easley's failure-to-train-theory *Monell* claim since (a) no constitutional violation occurred in Deputy Wallace's initial stop and eventual arrest of Easley; (b) Easley failed to meet his summary judgment burden to show a pattern of illegal stops and arrests in similar circumstances or that Sheriff Smith and the County of Santa Clara should have recognized that Deputy Wallace's actions would be a "'highly predictable consequence" if they failed to make a change in their policies and procedures, *see Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006); (c) Easley produced no evidence to show a pattern of non-exigent warrantless blood draws upon persons arrested for being under the influence of methamphetamine or other controlled substances; and (d) the summary judgment

---

[3] The summary judgment record also shows that the blood test was performed in a reasonable manner by a certified technician. Easley conceded that Deputy Wallace did not use excessive force in holding his arm still during the blood draw.

record shows that Deputy Wallace followed the County of Santa Clara's policy that, in compliance with the case law, limited warrantless blood draws to situations where exigent circumstances justified the practice.

6. Summary judgment was properly entered on Easley's state law claim for the negligent supervision, hiring, training, discipline, and retention of Deputy Wallace since that claim was not timely presented under California Government Code Section 911.2(a) (stating that a claim "relating to a cause of action for death or for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action."). The incident underlying the claim occurred on December 23, 2008; it is undisputed that Easley did not file his tort claim with the County until June 14, 2010, nearly eighteen months after his arrest and blood draw.

7. To the extent that Easley adequately alleges a Section 1983 claim against the Sheriff and the County, summary judgment was properly entered because there is no basis for *Monell* liability based on the blood draw.

**AFFIRMED.**